UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MAURICIO MARTINEZ,                                           Plaintiff,

v.                                        Civil Action No. 3:17-cv-P265-DJH

MARK BOLTON *et al.*,                                Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Mauricio Martinez, a pretrial detainee at Louisville Metro Department of Corrections (LMDC), initiated this 42 U.S.C. § 1983 action by filing a complaint (DN 1). Upon review, the Court directed Plaintiff to file a more specific and detailed amended complaint (DN 6), which Plaintiff has now filed (DN 7). The complaint and amended complaint are now before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part, but Plaintiff will be allowed to amend his complaint.

### I. SUMMARY OF COMPLAINTS

Based upon a combined reading of Plaintiff's complaint and amended complaint, it appears that Plaintiff is suing Mark Bolton, in both his individual and official capacities;[1] "LMDC Security;" and fellow inmate Nicholas Espinoza.

---

[1] The Court takes judicial notice of the fact that Defendant Mark Bolton is the Director of Louisville Metro Department of Corrections (LMDC).

In his amended complaint, Plaintiff writes as follows in the section titled Statement of Claim(s):

> I am in protective custody on H6-S1-#12 this morning 1-20-17. I was asleep in my bed and was attacked by another inmate outside of P.C. fro East walk from admis. Seg. **2 Separate Gates were left unlocked to allow me to be assaulted**. Nicholas Espinoza came through both gates and into my cell and attacked me, punching me multiple times on my mouth and eye. I have a loose tooth and a blur eye. **I am suppose to be protected while in P.C. but I was assaulted while asleep by someone outside of P.C. because of a lack of proper protection from LMDC personnel**. I feel my life is in jeopardy while here in LMDC I'm still having dreams of being attack by inmates that is housed around me. All this whole incident was on DVR. Around the whole South 1 of H6 every minute was recorded on that date which was ones again 1-20-17 time was 7:45/9:45 between that time. I feel for my life and safety in the LMDC jail. **I been tryin get the names of the C.O.'s who was working that day they tell me they can't**.

(emphasis added). In his complaint, Plaintiff also writes: "**This was a set up on behalf of LMDC** which is ran by Mark Bolton." (emphasis added).

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. Mark Bolton

### 1. Official-Capacity Claim

Plaintiff sues LMDC Director Mark Bolton in both his official and individual capacities. "Official-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Bolton is actually against the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality such as the Louisville Metro Government, this Court must analyze two distinct issues: 1) whether Plaintiff's harm was caused by a constitutional violation; and 2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and

(3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff has not alleged that any Louisville Metro Government policy, custom, or practice caused the deprivation of his rights. As such, the Court will dismiss Plaintiff's official-capacity claim against Defendant Bolton for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claim

Plaintiff seems to sue Defendant Bolton in his individual capacity for his role as director of LMDC. However, "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). Indeed, "[i]n order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under §1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Thus, because Plaintiff has failed to allege Defendant Bolton engaged in any active unconstitutional conduct, the individual-capacity claim against him will also be dismissed for failure to state a claim upon which relief may be granted.

## B. Nicholas Espinoza

Plaintiff also names Nicholas Espinoza, the inmate who attacked him, as a Defendant in this § 1983 action. With regard to private individuals, the Sixth Circuit has held as follows:

> To state a claim under § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was at the hands of a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); *Am. Postal Workers Union v. City of Memphis,* 361 F.3d 898, 905, 86 Fed. Appx. 137 (6th Cir. 2004). Section § 1983 is not a vehicle for proceeding against a private party "'no matter how discriminatory or wrongful' the party's conduct.'" *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)). However, private persons, by their actions, can become state actors for purposes of liability under § 1983. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). That is, private persons may be held liable under § 1983 if they willfully participate in joint activity with state agents. *Am. Postal Workers Union,* 361 F.3d at 905 (citing, *inter alia, Dennis v. Sparks,* 449 U.S. 24, 27-28, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980)).

*Cramer v. City of Detroit*, 267 F. App'x 425, 427 (6th Cir. 2008).

Here, neither Plaintiff's complaint nor amended complaint contains allegations of joint activity or conspiracy between Defendant Espinoza and any state actor. For this reason, the Court will dismiss Plaintiff's § 1983 claim against Defendant Espinoza for failure to state a claim upon which relief may be granted. *See also Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (dismissing claim against inmate who attacked the plaintiff because no evidence that inmate had conspired with state actors); *Williams v. Anderson*, No. CIV S-11-0431 JAM CMK P, 2011 U.S. Dist. LEXIS 43790, at *3 (E.D. Cal. Apr. 22, 2011) (an inmate is not a "state actor" for purposes of § 1983 unless he has conspired with state officials to deprive a plaintiff of his constitutional rights).

## C. LMDC Security

Finally, the Court considers Plaintiff's claim against "LMDC Security." The Court first notes that "LMDC Security" is not actually an entity which can be sued under § 1983. However, the Court construes Plaintiff's claim against "LMDC Security" as claims against the unknown LMDC officers who allegedly failed to protect him from being attacked by Defendant Espinoza. In his amended complaint, Plaintiff specifically states that he has attempted to learn the names of these officers, but that no one will provide him with their names. Upon carefully reviewing and broadly construing Plaintiff's complaint and amended complaint, the Court will give Plaintiff the opportunity to identify these unknown LMDC correctional officers through discovery and to name them as Defendants in this action.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1) **The claims against Defendants Mark Bolton and Nicholas Espinoza are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Clerk of Court is DIRECTED to terminate these individuals as parties to this action.**

2) **Plaintiff shall have 90 days in which to move to amend his complaint to name the individual LMDC correctional officers who allegedly failed to protect him as Defendants and to explain how each was personally involved in the failure to protect him or show cause for his failure to do so.[2] Plaintiff should complete a separate summons for each newly named Defendant within this same time period**.

---

[2] "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

3) **The Clerk of Court is DIRECTED to send Plaintiff a blank § 1983 form and four summons forms with the words "second amended" and this case number written upon them, and also to send Plaintiff a *Pro Se* Prisoner Handbook.**

5) **Plaintiff's failure to comply with this Order will result in DISMISSAL of this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

Date: July 13, 2017

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
      Defendant Bolton
      Jefferson County Attorney
4415.011